IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADVANCE DX, INC., <br><br> Plaintiff, <br><br> v. <br><br> YOURBIO HEALTH, INC., <br><br> Defendant. | Case No. 1:24-CV-10595 |

## COMPLAINT

Plaintiff, Advance Dx, Inc. ("ADx") and Defendant YourBio Health, Inc. ("YourBio") are competitors in the market for at-home medical testing devices. Specifically, both companies sell and market products that test for anti-Mullerian hormone ("AMH"), which is detected as part of ovarian health. In 2022, the parties' products were put head-to-head in a study, which compared their efficiency to testing performed in a traditional laboratory. The laboratory used in the study, however, failed to properly use ADx's product—which yielded false results. The independent lab later acknowledged its mistake and discredited the results. Despite this, YourBio has continued to tout these discredited results to unknowing consumers, thereby slandering ADx's product and unfairly competing in the market.

ADx therefore brings this suit to stop the lies, to prevent YourBio from misleading consumers with false and misleading advertising, and to recover damages for the harm caused by YourBio's willful misconduct.

## NATURE OF THE ACTION

1. ADx seeks injunctive and monetary relief against Defendant, YourBio, for its wrongful dissemination of false and misleading representations of fact that disparage the products and business of ADx.

2.      Through this action, ADx seeks to require YourBio to set the record straight through an appropriate retraction, deter YourBio (and others) from future similar misconduct, and compensate ADx for the resulting loss to its business and reputation.

## PARTIES, JURISDICTION AND VENUE

3.      ADx is an Illinois corporation with its principal place of business located at 11250 North 118th Way, Scottsdale, AZ 85259.

4.      Upon information and belief, YourBio is a Delaware corporation with its principal place of business in Norfolk, Massachusetts and a registered agent in Boston, Massachusetts.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

6.      Personal jurisdiction exists over YourBio because it transacts business in the Commonwealth of Massachusetts and purposely avails itself of the laws of this jurisdiction. This Court has specific jurisdiction over YourBio because YourBio has purposely availed itself of the benefits of Massachusetts, including in acts that gave rise to this Complaint.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because (a) the sole Defendant, YourBio, is a Massachusetts resident, and (b) a substantial part of the events giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

*Background on the Parties*

8.      Healthcare providers may test patients' AMH levels to determine a number of things, such as a female's ovarian reserve, treatment options for an ovarian tumor, and how a patient may respond to injectable fertility drugs.

9.      ADx manufactures, designs and develops medical devices for nationwide testing at-home or in clinical laboratory settings, including a specialized, patented device used to test for

anti-Mullerian hormone ("AMH"): the "ADx Card." ADx is a leading provider of such testing products in the industry.

10. The ADx Card has an established reputation for being consistently able to reproduce AMH results obtained via venipuncture with high reliability. Numerous studies have tested and confirmed the truth of that reputation.

11. ADx has invested substantial time and effort into developing and maintaining this reputation. It is well-deserved and an integral component of its success.

12. Upon information and belief, YourBio produced a medical device for at-home testing (including in Massachusetts) for AMH: the "YourBio TAP II Device."

***The Research Study***

13. On or around September 1, 2022, BioMed Central Ltd. ("BioMed") published a research study titled, "*Evaluation of at-home serum anti-Mullerian hormone testing: a head-to-head comparison study*" (the "Study"), which examined devices used to test human AMH levels.

14. A true and accurate copy of the Study is attached as **Exhibit 1**.

15. The Study was a within-person crossover trial that examined two devices used to test for AMH levels at home: the YourBio TAP II Device and the ADx Card.

16. According to the Study, each subject attended a single visit to a medical office where four consecutive blood draws were conducted within 30 minutes: two draws were self-administered with the YourBio TAP II Device; one draw was self-administered according to the ADx Card; and one venipuncture vial was drawn by a professional phlebotomist.

17. All samples were processed at BioAgilytix, a Boston-based laboratory (the "Independent Lab").

18. After processing, BioMed imposed an internal control, calculated based on the Study data, to normalize the ADx results to the venipuncture rather than using the recommended internal control provided in ADx's guidelines.

19. Upon learning that BioMed has improperly used a simulated internal control, rather than ADx's suggested actual measurement of the internal control as a normalization factor in each sample tested, the Independent Lab agreed that this action invalidated any discordance noted in the Study because such discordance may have been due to BioMed's failure to follow the manufacturer's instructions for the ADx Card, and not due to any issues with the ADx Card itself.

20. In September 2023, the Independent Lab discredited the results with the following statement:

> BioAgilytix validated an AMH assay for Turtle Health, wherein venipuncture results were compared to Tap II collection device results. Appendix A of the related validation report includes ADx concordance to venipuncture for AMH. Subsequently, *BioMed Central Ltd. improperly used* a simulated internal control, rather than the ADx card manufacturer's suggested actual measurement of the internal control as a normalization factor in each sample tested. As such, any discordance noted in the study may be *due to BioMed Central Ltd.'s failure to follow* the manufacturer's instructions for the ADx card, and **not** *due to any fault of the ADx card itself*. (emphasis added)

21. As a result of BioMed's failure to follow the manufacturer's instructions, any discordance between the ADx Card and venipuncture noted in the Study is factually inaccurate and misleading.

22. Further, the Study's discussion and conclusions, which rely on the false discordance, are similarly incorrect and disparaging. These include, but are not limited to the following:

   a. "[YourBio TAP II Device] results indicate clinical superiority and strong consumer preference over the on-market ADx [C]ard."

    b. "[YourBio TAP II Device] is a significant improvement, in both accuracy and patient experience, from the on-market ADx [C]ards."

    c. "The sample size . . . was sufficient to show dramatic superiority [of the YourBio TAP II Device] to the ADx [C]ard."

    d. "The [YourBio TAP II Device] was not only more accurate than the alternative at-home serum AMH test via the ADx [C]ard, but also had significantly lower pain and higher patient satisfaction scores."

*See* Ex. 1.

23. Upon information and belief, BioMed's participation in the Study was funded by a now-defunct entity called Turtle Health, and BioMed has been unable to publish a retraction of the Study.

***YourBio's Republication of the Discredited Study***

24. YourBio has repeatedly re-published and promoted the defamatory and discredited Study to consumers, industry professionals, and other third parties at trade shows and in other marketing materials.

25. On November 2, 2022, YourBio provided PR Newswire with the eventually discredited, defamatory Study and caused PR Newswire to publish an article titled "YourBio Health Delivers Superior Method for At-home Serum Anti-Mullerian Hormone Testing."

26. A true and accurate copy of the PR Newswire Article is attached as **Exhibit 2**.

27. On August 21, 2023, YourBio re-published the defamatory and discredited Study at its booth at the Next Generation Dx Summit in Washington, DC.

28. A true and accurate photograph of YourBio's booth at the Next Generation DX Summit is attached as **Exhibit 3.**

29. ADx has informed YourBio in writing that the discredited Study contained false, misleading and harmful statements of fact, and requested that it immediately stop its re-publication of the defamatory article.

30. As of the date of this filing, YourBio has failed to respond to ADx's correspondence, and, upon information and belief, YourBio has continued to disseminate this false information.

## COUNT I
## Defamation

31. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

32. YourBio published and/or caused to be re-published the discredited Study, which contains myriad false statements about the ADx Card, including false allegations regarding the efficacy of the Card.

33. YourBio's re-publication of the false and defamatory statements in the discredited Study has adversely and materially affected ADx's good reputation and will continue to do so.

34. The re-publication of the discredited Study to consumers, professionals, and other third parties defamed ADx's reputation in the community as a provider of accurate and reliable at-home AMH testing. Moreover, the defamatory statements in the discredited Study, which YourBio republished, prejudice ADx's business.

35. On account of YourBio's widespread dissemination of the discredited Study at trade shows and in other marketing endeavors, ADx experienced serious and genuine pecuniary loss by being deprived of a market of consumers it would otherwise have enjoyed.

36. YourBio was aware of, should have been aware of, or acted with reckless disregard for the falsity of the statements in the discredited Study.

37. Despite this knowledge, YourBio used these false statements in a deliberate attempt to bolster its own business, and with the intention of injuring ADx's business reputation by imputing to the ADx Card an inability to effectively and accurately measure AMH levels.

38. As a direct and proximate result, ADx has suffered damages in an amount to be proven at trial.

## COUNT II
## False Advertising Under 15 U.S.C. § 1125

39. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

40. In re-publishing, promoting and distributing the discredited Study, YourBio made false and misleading representations of fact in commercial promotions or advertising, which misrepresent the nature, characteristics and qualities of the ADx Card in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

41. YourBio falsely and misleadingly held out the discredited Study as a reputable market study, without disclosing the errors committed during the lab testing of the ADx Card.

42. YourBio's promotion of the discredited Study contains false and misleading statements of fact regarding the efficacy of the ADx Card, as well as false and misleading comparisons between the efficacy of the ADx Card and the YourBio TAP II Device.

43. These statements actually deceived or had a tendency to deceive a substantial segment of YourBio's audience, as well as ADx's and YourBio's customers and potential customers.

44. The deception caused by these statements is likely to influence customer purchasing decisions and has caused or is likely to cause damage to ADx.

45. As a direct and proximate result, ADx has suffered damages in an amount to be proven at trial.

## COUNT III
### Tortious Interference with Advantageous Business Relationships

46. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

47. ADx had a reasonable expectation of advantageous relationships with prospective customers based on its good reputation in the market.

48. YourBio was aware of ADx's expectation of advantageous business relationships.

49. YourBio knowingly interfered with that expectation by intentionally re-publishing the defamatory and discredited Study to consumers, professionals, and other third parties at trade shows and in other marketing endeavors.

50. In re-publishing the discredited Study, YourBio was intentionally and improperly attempting to bolster its own business, and intending to injure ADx's business and reputation by imputing to the ADx Card an inability to effectively and accurately measure AMH levels.

51. As a result of YourBio's interference, ADx suffered damages including but not limited to actual, pecuniary loss; loss of relationships with its customers; and costs incurred to recover lost business and repair its reputation.

52. YourBio's tortious interference was intentional and done in bad faith or, at a minimum, with reckless indifference to ADx's rights.

53. YourBio's conduct was done for an improper purpose and was extreme and outrageous and constitutes fraud, actual malice, deliberate violence or oppression, willful negligence, gross negligence, and/or has demonstrated a wanton disregard for ADx's rights.

54. ADx has suffered, and will continue to suffer, financial, economic, and reputational damage as a result of YourBio's interference.

55. As a direct and proximate result, ADx has suffered damages in an amount to be proven at trial.

## COUNT IV
## Commercial Disparagement

56. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

57. YourBio published and/or caused to be re-published the discredited Study, which contains false and disparaging statements about the ADx Card, including false allegations regarding the efficacy of the Card.

58. YourBio's widespread re-publication of the discredited Study to consumers, professionals, and other third parties at trade shows and in other marketing endeavors caused ADx to experience serious and genuine pecuniary loss by being deprived of a market of consumers it would otherwise have enjoyed.

59. YourBio was aware of, should have been aware of, or acted with reckless disregard for the falsity of the statements in the discredited Study.

60. YourBio was deliberately attempting to bolster its own business, and intending to injure ADx's business reputation by imputing to the ADx Card an inability to effectively and accurately measure AMH levels.

61. Pecuniary harm to ADx's interests resulting from these false statements was intended and foreseeable by YourBio.

62. The false statements have resulted in special damages in the form of pecuniary loss.

63. As a direct and proximate result, ADx has suffered damages in an amount to be proven at trial.

## COUNT V
## Unjust Enrichment

64. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

65. YourBio received a benefit from ADx through the redirection of ADx's clients and its good and honorable reputation and goodwill in the market.

66. As a result, YourBio's business has financially benefitted from its publication and/or re-publication of the false and defamatory statements about ADx in the discredited Study.

67. YourBio's retention of these benefits is detrimental to ADx.

68. It is unjust for YourBio to retain the benefits it obtained from the publication of false and defamatory statements about ADx and its products. Such retention would violate the fundamental principles of justice, equity, and good conscience.

69. ADx is entitled to disgorge all such ill-gotten gains from YourBio.

## COUNT VI
## Violation of the Massachusetts
## Consumer Protection Act (M.G.L. c. 93A § 11)

70. ADx restates and incorporates by reference the allegations contained in the preceding paragraphs as if fully stated herein.

71. At all relevant times ADx engaged in the conduct of trade or commerce.

72. At all relevant times, YourBio engaged in the conduct of trade or commerce.

73. YourBio, through the aforementioned acts and omissions, engaged in unfair methods of competition or deceptive acts or practices in the conduct of trade or commerce.

74. YourBio's unfair or deceptive acts were knowing and willful.

75. YourBio published and/or re-published the false and defamatory information in the discredited Study to consumers, industry professionals, and other third parties at trade shows and other marketing materials.

76. YourBio's unfair or deceptive acts or practices occurred primarily and substantially in Massachusetts.

77. On information and belief, the decision to disseminate the false and defamatory materials in YourBio's marketing was likely made at its headquarters in Massachusetts.

78. In publishing and/or causing the discredited Study to be re-published to consumers, industry professionals, and other third parties, YourBio made deceptive representations regarding the efficacy of the YourBio TAP II Device relative to the ADx Card.

79. These deceptive representations and impressions created by YourBio are likely to mislead consumers acting reasonably under the circumstances.

80. YourBio's misrepresentations involve the efficacy of the YourBio TAP II Device and the ADx Card to effectively accomplish their central purpose—measure AMH levels—which is material to consumers in the market and likely to affect their choices and conduct.

81. YourBio made these material misrepresentations for its own benefit in a deliberate attempt to bolster its own business, and, moreover, to injure ADx's business reputation by imputing to the ADx Card an inability to effectively and accurately measure AMH levels.

82. As a result of YourBio's misrepresentations, consumers and ADx have been substantially injured.

83. As a direct and proximate result, ADx has suffered damages in an amount to be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, ADx respectfully requests that this Court:

a. Enter judgment on all counts in favor of ADx and against YourBio;

b. Enjoin YourBio, preliminarily and permanently, from using the discredited Study to disseminate false or misleading representations of fact concerning the ADx Card;

c. Order YourBio to issue a formal retraction of the false and misleading representations of fact contained in the discredited Study: (i) for ADx's final approval; and (ii) which YourBio shall publicly disseminate;

d. Award ADx damages in an amount to be determined at trial;

e. Award ADx multiple damages and attorney's fees;

f. Award ADx pre and post judgment interests, costs and expenses as permitted by law; and

g. Grant ADx such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff requests trial by jury on all claims so triable.

        Respectfully Submitted,

        */s/ Dana A. Zakarian*
        Peter M. Durney, BBO# 139260
        Dana A. Zakarian, BBO# 641058
        Patricia A. Hartnett, BBO# 568206
        Smith Duggan Cornell & Gollub LLP
        55 Old Bedford Road, Suite 300
        Lincoln, MA 01773
        617/228-4469
        pdurney@smithduggan.com
        dzakarian@smithduggan.com
        phartnett@smithduggan.com

        and

        Jeffrey S. Becker (*pro hac vice* forthcoming)
        Nicole O'Toole Peterson (*pro hac vice* forthcoming)
        Swanson, Martin & Bell, LLP
        330 North Wabash, Suite 3300
        Chicago, Illinois 60611
        (312) 321-9100
        jbecker@smbtrials.com
        npeterson@smbtrials.com

        **ATTORNEYS FOR PLAINTIFF**
Dated: March 8, 2024        **ADVANCE DX, INC.**